## WILLIAMS *v.* CARSON.

### Opinion delivered January 15, 1917.

1. PARTNERSHIP—SECRET AGREEMENT BETWEEN PARTNERS.—A person dealing with a member of a partnership will not be bound by a secret agreement between the partners, in the absence of knowledge thereof.

2. EVIDENCE—ACTION IN REPLEVIN—STATEMENTS MADE IN ABSENCE OF PLAINTIFF.—In an action in replevin for certain mules which appellee alleged were sold to appellant, contrary to his wish, evidence of a conversation had in the absence of the appellant between one G., and appellee's alleged partner, *held*, inadmissible.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

*G. C. & Joe Hardin*, for appellant.

1. One partner is the agent for the firm and his acts done in the course of the partnership business are the acts of the firm and the firm is bound by his acts. Strangers are not charged with knowledge of private

agreements between partners and definite notice must be given such third parties. Instruction No. 5 hence was error. 1 Lindley on Partnership, 176; 88 Ark. 417; 114 S. W. 922; 87 Ark. 412; 76 *Id.* 4; 61 Ala. 143; 78 Mass. 453; 42 N. H. 269; 50 N. C. 32; 45 Vt. 43; 41 Oh. St. 64; Cent. Dig. 252.

2. Instruction No. 2 for plaintiff was also error. The court states facts to the jury and points out the inference to be drawn. 43 Ark. 289; *Ib.* 165; *Ib.* 492; 53 *Id.* 381; 55 *Id.* 108, 244; 25 S. W. 282.

3. The court also erred in refusing the instructions asked by defendant. 80 Ark. 23; 91 *Id.* 26; 97 *Id.* 395; 42 *Id.* 390; 88 *Id.* 373; 63 *Id.* 513; 76 *Id.* 4; 92 *Id.* 271; 93 *Id.* 521; 45 U. S. 611; 74 Ark. 437; 87 *Id.* 412.

If there was a partnership, Lockridge had a right to make the trade. Cases *supra.*

*A. A. McDonald* and *Holland & Holland,* for appellee.

1. The questions of fact are settled by the verdict of the jury. There is no error in the giving or refusal of instructions. Review the instructions and cite 40 Ark. 551; 92 *Id.* 271; 122 S. W. 658; 66 Ark. 448; 63 *Id.* 30; 88 *Id.* 415; 80 *Id.* 23. The questions were: Was the property that of the plaintiff? If so, did Lockridge have authority to sell? These facts were properly submitted to the jury and the verdict is conclusive.

SMITH, J. Appellee was the plaintiff in a suit in replevin to recover the possession of two mules and a wagon. The suit was brought in the court of a justice of the peace, where there was a verdict for the defendant, and upon an appeal and trial in the circuit court there was a verdict for the plaintiff, and this appeal has been prosecuted from the judgment pronounced thereon.

Appellee and one Dolph Lockridge were partners, and one of the principal questions of fact presented by the record is the nature and extent of the partnership.

Appellee admits the existence of this partnership, but says it was confined to buying and selling cattle solely; while Lockridge testified that the partnership was not thus limited, but also included an agreement to buy and sell mules, horses, and wagons. It is undisputed that appellee had the money to operate on and was to furnish it for that purpose; and that Lockridge was to do the trading, and they were to divide any profits earned equally. Lockridge traded the wagon and team in controversy to appellant for other property and money, and testified that he had the authority so to do. Appellee, Carson, testified that the property traded to appellant Williams was his individual property, and that Lockridge had no authority to trade it. Appellee admitted, however, that Lockridge called him over the telephone and advised him that he had made this trade, and directed him to bring the mules to appellant's barn by 10 a. m. the following morning, and that he did so. That shortly after his arrival at appellant's barn he was shown two mules and a horse for which his team had been traded and was told that, in addition, they were to get $75.00 to boot. That he objected to the trade, but Lockridge said it had been made, and the bookkeeper gave Lockridge a check for the $75.00, but he told appellant he did not want to make the trade and that Lockridge was his partner only in buying and selling cattle, and that he had no right to trade these mules. Appellee refused to surrender the mules and wagon and this suit was brought.

A number of instructions were given, and among others, at the request of appellee, and over appellant's objection and exception, instructions numbered 2 and 5. These instructions are as follows:

"2nd. If you find from the evidence that D. C. Lockridge, in the sale by Graham to Carson, acted as the agent of Graham, you will consider such fact as tending to establish the fact that no partnership existed between Lockridge and Carson."

"5th. If you find from the evidence that Lockridge and Carson were partners, but that the contract of

partnership was that no trade was to be made by one without the consent of the other, that Carson did not consent to the trade, but objected to it to the defendant or his agent at or before its consummation, then your verdict should be for the plaintiff."

(1) There is testimony that a completed trade was made if Lockridge had the authority to make one; but it is said this instruction takes into consideration a private agreement that one partner should not trade without the consent of the other, and tells the jury that, if there was such an agreement, there was no trade if appellee did not consent to it but objected before its consummation. We think this instruction is erroneous. It too greatly restricts the authority of Lockridge if he was in fact a partner. One dealing with this partnership would not have been bound by any private agreement of the partners unless he was aware of its existence and was advised by the partner who claimed its protection that he would not be bound by the unauthorized act of his partner. This instruction does not so declare the law. It absolves appellee from being bound by the act of his partner if he objected to the trade before its consummation, even though he did not apprise Williams of the existence of this agreement and did not tell him that he would not be bound by the trade. See Lindley on Partnership, Vol. 1, p. 176; *Dodson* v. *Baskin,* 88 Ark. 417; *Buford* v. *Lewis,* 87 Ark. 412; *Alley* v. *Bowen-Merrill Co.,* 76 Ark. 4. Moreover, it leaves out of account the question of ratification by delivery. It is true another instruction given at appellant's request correctly declared the law to be that if appellee raised no objection to the trade until it had been consummated and the check for the $75.00 on the mules and horses had been delivered, then he would be held to have ratified the trade and would be bound by it, but the instruction set out authorizes a finding for the plaintiff (appellee) without reference to this question.

(2) We think, also, the second instruction should not have been given. The Graham referred to therein

testified that, in the course of the trade in which appellee acquired the property subsequently traded to appellant, he (Graham), made this statement to Lockridge, "I will pay you on what I owe you all above $275.00 you can get Carson to pay me for the mules." Lockridge testified that he bought the mules from Carson for the benefit of his firm. Graham testified that he sold them to Carson alone. The instruction charges the jury upon a question of fact, and relates to a conversation between parties had in the absence of appellant, and the evidence itself should not have been admitted except for the purpose of contradicting Lockridge, if it became material to do so. *Fechheimer-Kiefer Co.* v *Kempner*, 116 Ark. 486.

For the errors indicated the judgment of the court below will be reversed and the cause remanded for a new trial.